## EVERTS v. BARKER, District Judge.

No. 3700.   Decided August 18, 1921.   (200 Pac. 473.)

1. COURTS—OPINION OF SUPREME COURT NOT TO BE CONSTRUED IN A MANNER LEADING TO RESULT NOT INTENDED.   An opinion of the Supreme Court should not be construed so as to lead to a result which could not have been deliberately intended by the court, if the language is susceptible of any other construction more consistent with reason and common sense.

2. COSTS—DECISION OF SUPREME COURT ENTITLED PLAINTIFF TO COSTS OF APPEAL, AND NOT THOSE INCIDENT TO NEW TRIAL. Supreme Court's opinion on appeal in a personal injury action that "judgment is therefore reversed and the cause is remanded to the district court of Weber county, with directions to grant the plaintiff a new trial at defendant's cost," *held* to entitle plaintiff to the costs of such appeal, and not the costs incident to the new trial ordered, such being the reasonable interpretation of the language used in view of the absurdity of appellate court granting a new trial and designating the party to be awarded the costs of such trial, the cost referred to in the opinion being the cost of granting the new trial, and not the cost of a new trial.[1]

3. COURTS—AMBIGUOUS LANGUAGE IN SUPREME COURT'S OPINION TO BE CONSTRUED IN LIGHT OF THE CIRCUMSTANCES CONNECTED WITH THE CASE.   In construing an opinion of the Supreme Court, ambiguous or uncertain language is to be construed in the light of the circumstances connected with the case.

Application by Henry W. Everts, Jr., a minor, by Henry W. Everts, Sr., his guardian, for a writ of mandamus against George S. Barker, as Judge of the District Court of Weber County.

PEREMPTORY WRIT GRANTED.

*C. R. Hollingsworth, Jos. Evans*, and *L. J. Holther*, all of Ogden, for plaintiff.

[1] *Salt Lake City* v. *Salt Lake City W. & P. Co.*, 54 Utah, 10, 174 Pac. 1134.

*A. E. Pratt,* of Ogden, for respondent.

THURMAN, J.

Application for writ of mandate.

In the case of *Everts* v. *Worrell,* 58 Utah 238, 197 Pac. 1043, this court, in the closing paragraph of its opinion, made the following order:

"Judgment is therefore reversed, and the cause is remanded to the district court of Weber county, with directions to grant the plaintiff a new trial at defendant's cost."

Thereafter, in due course, the clerk of this court remitted to the trial court the papers on appeal, together with the formal judgment entered by the clerk attached to the opinion of the court. The formal judgment so entered reads as follows:

"This cause having been heretofore argued and submitted, and the court being sufficiently advised thereon, it is ordered, adjudged, and decreed that the judgment of the district court herein be, and the same is hereby, reversed, and the cause is remanded to the district court of Weber county, with directions to grant a new trial. Appellant to recover costs."

Thereafter a memorandum of costs on appeal in said cause was duly served and filed by plaintiff, and execution issued and placed in the hands of the sheriff of said county for service. The sheriff made return thereon, showing due and proper service, and certified that after making diligent search within his jurisdiction for property belonging to the defendant R. E. Worrell (hereinafter called Worrell) he had been unable to find property not exempt from execution. He therefore returned the writ without satisfaction of the judgment. Thereupon plaintiff in said cause made application to the district court for an order requiring said Worrell to appear before the court and answer under oath concerning his property. Said order was regularly issued by the court, signed by Hon. Geo. S. Barker, defendant herein, as one of the judges of said court. The order was filed July 12, 1921, requiring said Worrell to appear in response thereto July 18,

1921, and from time to time thereafter as said judge might direct. Service of said order was duly made. Worrell appeared on the 26th day of said month and the cause came on for hearing. Worrell was duly sworn to testify concerning the matter specified in the order, whereupon his counsel objected to proceeding with the examination, on the grounds that plaintiff had no judgment for costs on appeal, but only for costs incident to the new trial ordered by this court. The objection of counsel was sustained, and the court refused to proceed further with the examination.

By this proceeding plaintiff seeks to vacate and set aside the order of the lower court sustaining said objection, and also prays for a writ of mandate directing the defendant, as judge of said court, to, proceed with the examination of said Worrell concerning his property.

Defendant demurred to the complaint, and answered at the same time. The facts as above stated are not in dispute. The controversy hinges upon the construction of the language used by the court in the closing paragraph of its opinion in *Everts* v. *Worrell,* hereinbefore quoted.

The sole question to be determined is, Does the formal judgment entered by the clerk of this court in said cause, upon which costs on appeal are awarded to plaintiff, correctly interpret the language of the court as to the matter of costs?

It must be conceded that the contention of defendant that costs were only allowed to plaintiff for a new trial, which is yet to come, while no costs whatever were allowed on account of the appeal, leads to a result which could not have been deliberately intended by the court. Such construction should not be given if the language is susceptible of any other construction more consistent with reason and common sense. We can conceive of nothing more preposterous in a judicial proceeding than for this court to order a new trial in the district court, and at the same time assume to order the costs of such trial to be paid by one or the other of the parties litigant, especially in an action at law for damages, as in the present case, where, as matter of law, costs in the district court should be awarded to the prevailing party.

But counsel for defendant insists that the language of the court is so plain, unequivocal, and free from ambiguity that it is not susceptible of any other construction than the one for which he contends. In this connection, he cites as authority the opinion of this court in *Salt Lake City* v. *Salt Lake City W. & P. Co.*, 54 Utah, 10, at pages 17 and 18, 174 Pac. 1134, 1136, wherein the court uses the following language:

"Where the meaning of the language of a statute, writing, or document is obscure, ambiguous, or uncertain, it is always proper to have recourse to the surrounding circumstances and conditions for the purpose of determining the meaning of the language, and in that way arrive at the intention of those who used the language to express their purpose. Where, however, as here, the language of the decree by which all parties thereto are bound is free from ambiguity and doubt, then the rule is elementary that extraneous circumstances and conditions may not be resorted to if to do that makes the meaning of the language uncertain or ambiguous."

If defendant's contention were correct, that the language in controversy is not susceptible of any other construction than that for which he contends, the case cited would be practically conclusive in support of his position. But, is his contention sound? Is it true that the language of the court is plain and unambiguous to the effect that plaintiff was not awarded costs on appeal? To the mind of the writer, without considering the surrounding circumstances, but confining our investigation solely to a consideration of the language used by the court, there ought not to be any serious difficulty in arriving at the conclusion that defendant's contention is too hypercritical for practical purposes in the administration of justice. When the court says that a new trial is granted at defendant's cost, it is the cost of granting the new trial that is to be paid by defendant, and not the costs of the new trial. It seems to us that this is a fair and reasonable interpretation of the language used by the court and is perfectly consistent with what must have been its meaning and intention. Procuring a new trial by plaintiff was the primary object of prosecuting his appeal. Having procured a new trial by virtue of his appeal, the costs of obtaining it were properly chargeable to the defendant; hence

we conclude that the granting of a new trial at defendant's cost, literally construed, means that the defendant should pay the costs of granting it.

If, however, it should appear that the language, considered alone, is ambiguous or uncertain, as suggested in *Salt Lake City* v. *Salt Lake City W. & P. Co.*, supra, upon which defendant relies, it then becomes our duty to construe the language in the light of the circumstances connected with the case.

Plaintiff brought his action against the defendant Worrell for damages for a personal injury. The case was tried to a jury, and verdict rendered for defendant. Judgment was entered accordingly, and plaintiff appealed. This court, on appeal, found that plaintiff was prejudiced by an erroneous instruction to the jury, reversed the judgment, and directed the lower court to grant a new trial. There was no fault whatever chargeable to plaintiff in the trial of the case, nor was he responsible in any degree for the error upon which the judgment was reversed. By all the rules of practice and precedents with which we are familiar the plaintiff was entitled to his costs on appeal. The court undoubtedly intended to award him such costs, and in making the order employed language, which, fairly interpreted, expressed such intention.

The court is of opinion that the judgment as entered by the clerk of this court is justified by the order of the court, and is a valid, subsisting judgment for costs on appeal. It is therefore ordered that a peremptory writ of mandate be granted as prayed for in the complaint.

CORFMAN, C. J., and WEBER and GIDEON, JJ., concur.

FRICK, J., being absent, did not participate.